UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL DEJUAN ROCHE,

    Petitioner,

v.

CASE NO. 2:19-CV-11090
HONORABLE VICTORIA A. ROBERTS

RANDEE REWERTS,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [6] GRANTING HIS REQUEST TO HOLD HIS HABEAS PETITION IN ABEYANCE [1], AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

This matter initially came before the Court on petitioner Terrell Dejuan Roche's motion to hold his habeas corpus petition in abeyance. *See* Mot., ECF No. 1. Petitioner did not submit a habeas corpus petition with his motion, and he did not pay the filing fee or apply for permission to proceed *in forma pauperis*. Accordingly, the Court ordered him to show cause why the Court should not dismiss this action. *See* 5/24/19 Order, ECF No. 3. Petitioner then filed a response to the Court's order to show cause, ECF No. 4, a habeas corpus petition, ECF No. 5, and an application to proceed *in forma pauperis*, ECF No. 6. Petitioner has cured procedural deficiencies, and he still wants the Court to hold his petition in abeyance while he exhausts state remedies.

The Court grants Petitioner's motion for a stay, holds his habeas corpus petition in abeyance, and closes this case for administrative purposes.

## I. Background

In 2014, a jury in Genesee County Circuit Court found Petitioner guilty of first-degree murder, second-degree arson, and felony firearm. The state trial court sentenced Petitioner to life imprisonment for the murder conviction, twenty to forty years in prison for the arson conviction, and two years for the felony-firearm conviction.

On appeal to the Michigan Court of Appeals, Petitioner raised issues regarding trial testimony and evidence admitted at trial, the prosecutor's conduct, and trial counsel. In a *pro se* supplemental brief, Petitioner also claimed that he was unable to confront the expert who prepared a lab report.

The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions. *See People v. Roche*, No. 323555, 2016 WL 2731063 (Mich. Ct. App. May 10, 2016). Petitioner alleges that he raised the same issues in the Michigan Supreme Court, which denied leave to appeal on July 25, 2017; it was not persuaded to review the issues. *See People v. Roche*, 500 Mich. 1057; 898 N.W.2d 213 (2017).

Petitioner then raised new issues in a motion for relief from judgment. The state trial court denied Petitioner's motion, and while his appeal from the trial court's decision was pending in the Michigan Court of Appeals, Petitioner commenced this action by filing his motion to hold his petition in abeyance. *See* Mot., ECF No. 1. As noted above, Petitioner did not file a habeas corpus petition with his motion, and he did not pay the filing fee or ask to proceed *in forma pauperis*. Accordingly, on May 24, 2019, the Court ordered Petitioner to show cause why his case should not be dismissed. *See* 5/24/19 Order, ECF No. 3.

On June 11, 2019, Petitioner filed a response to the Court's order to show cause, ECF No. 4, a *pro se* petition for the writ of habeas corpus, ECF No. 5, and an application to proceed *in forma pauperis*, ECF No. 6. Meanwhile, the Michigan Court of Appeals denied leave to appeal the trial court's decision on Petitioner's motion for relief from judgment. *See People v. Roche*, No. 346298 (Mich. Ct. App. Apr. 23, 2019). Petitioner's appeal to the Michigan Supreme Court is pending in that court. *See* https://courts.Michigan.gov/opinions_orders/Pages/CaseInquiry.aspx?[1]

## II. Discussion

In his response to the Court's order, Petitioner alleges that his failure to submit a habeas petition and either the filing fee or an application to proceed *in forma pauperis* was due to faulty advice from a prison legal writer. Petitioner states that he does not have a history of dilatoriness, bad faith, or failure to prosecute. He also alleges that neither the respondent, nor the Court, will be prejudiced by a small delay. He urges the Court to grant his application to proceed *in forma pauperis*, to stay this case, and to hold his habeas petition in abeyance.

### A. The Application to Proceed *In Forma Pauperis*

Petitioner's application to proceed *in forma pauperis* and the attached summary of his prison trust fund account indicate that his only income in the past twelve months was $91.00 from family and friends. He had $28.32 in his prison trust fund account as of June 4, 2019. *See* Application to Proceed *In Forma Pauperis*, ECF No. 6. The Court concludes that Petitioner is indigent and that he should be permitted to proceed *in forma*

---

[1] One can find the docket sheet for the case by using Petitioner's name or Michigan Supreme Court case number 159794.

3

*pauperis*. Accordingly, the Court grants Petitioner's application to proceed without prepaying fees or costs, ECF No. 6.

### B. The Motion for a Stay

The remaining question is whether the Court should stay this case and hold the habeas petition in abeyance. The habeas petition raises the following five grounds for relief:

> I. The improper admission of the video of Michael Roche's statement violated Mr. Roche's constitutional rights to due process. U.S. Const. XIV.
> II. Mr. Roche's due process right to a fair trial was violated by the admission of improper testimony that Mr. Roche was guilty of murder. U.S. Const. XIV.
>
> III. Prosecutorial misconduct deprived Mr. Roche of his due process right to a fair trial as a result of repeated and deliberate elicitation of gang-related testimony and testimony that Mr. Roche was guilty of the offenses. U.S. Const. XIV.
>
> IV. The trial court abused its discretion by admitting irrelevant evidence.
>
> V. Mr. Roche is entitled to a new trial where trial counsel provided constitutionally ineffective assistance in violation of the United States and Michigan Constitutions. US Const. VI.

See Pet., ECF No. 5, Appendix D.

Petitioner appears to have exhausted state remedies for these claims, but he wants the Court to stay his federal case while he continues to pursue state remedies for the additional claims that he raised in his state-court motion for relief from judgment. *See* Pet., ECF No. 5, Appendix C. Those claims apparently are pending on review in the Michigan Supreme Court.

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present them to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v.*

4

*Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal district court normally must dismiss a petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

A dismissal of Petitioner's habeas petition while he pursues state remedies for claims still under review in state court could result in a subsequent petition being barred by the one-year statute of limitations for habeas petitions. See 28 U.S.C. § 2244(d). As a result of the dilemma created by the interplay between the one-year habeas statute of limitations and *Lundy's* dismissal requirement, the Supreme Court allows courts to employ a stay-and-abeyance procedure. This procedure permits a district court to hold a habeas petition in abeyance while the petitioner returns to state court to exhaust state remedies for previously unexhausted claims. See *Rhines v. Weber*, 544 U.S. 269, 275 (2005). "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76. The stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation

tactics. *Id.* at 277-78. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.* at 278.

Petitioner does not allege "cause" for his failure to exhaust state remedies before commencing this action, but he is not engaged in intentionally dilatory litigation tactics, and his unexhausted claims are not plainly meritless. Furthermore, even though the Supreme Court's decision in *Rhines* addressed a "mixed" petition of exhausted and unexhausted claims, some courts apply *Rhines*' stay-and-abeyance procedure where the petition is not a "mixed" petition. *See, e.g., Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition, because "a categorical bar on stays for unmixed petitions would 'unreasonably impair the prisoner's right to relief' and could 'effectively end any chance at federal habeas review' ") (citations omitted); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition"). Therefore, it is not an abuse of discretion to stay this case while Petitioner continues to pursue state-court remedies for potential claims that remain unexhausted.

### III. Conclusion and Order

For the reasons given above, the Court grants Petitioner's application to proceed *in forma pauperis* (ECF No. 6) and his motion to hold his habeas petition in abeyance (ECF No. 1). The Court also closes this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's current claims.

If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file a motion to re-open this case and an amended habeas corpus petition within ninety (90) days of exhausting state remedies for his new claims. The amended petition must use the case number and caption for this case, and because the amended petition will replace the initial petition, it must include all the exhausted claims that Petitioner wants the Court to adjudicate. Any failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Date: OCT 3 1 2019

VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Watson C. White