UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL DEJUAN ROCHE,

    Petitioner,

v.                                       CASE NO. 2:19-CV-11090
                                            HONORABLE VICTORIA A. ROBERTS

RANDEE REWERTS,

    Respondent.
_____/

**<u>ORDER: (1) GRANTING PETITIONER'S MOTION TO RE-OPEN THIS CASE;
(2) DIRECTING THE CLERK OF COURT TO AMEND THE DOCKET
AND SERVE THE AMENDED PETITION ON THE STATE;
(3) DIRECTING THE STATE TO FILE A REPONSE TO THE AMENDED PETITION;
AND (4) DENYING PETITIONER'S MOTION FOR AN APPEAL BOND</u>**

      This matter initially came before the Court on Petitioner Terrell Dejuan Roche's motion to hold his habeas corpus petition in abeyance. *See* Mot., ECF No. 1. Petitioner did not submit a habeas corpus petition or an application to proceed *in forma pauperis* with his motion, and he did not prepay the filing fee. Accordingly, the Court ordered him to show cause why the Court should not dismiss this action. *See* 5/24/19 Order, ECF No. 3. Petitioner cured the procedural deficiencies by filing a habeas corpus petition (ECF No. 5) and an application to proceed without prepaying the fees or costs for this action (ECF No. 6).

      Further, in a response to the Court's order to show cause (ECF No. 4), Petitioner asked the Court to grant his motion for a stay and to hold his habeas petition in abeyance while he exhausted state remedies. The Court granted Petitioner's motion for a stay, held his habeas corpus petition in abeyance, and closed this case for

administrative purposes.  *See* 10/31/19 Order, ECF No. 7.  The Court also stated in its order that, if Petitioner was unsuccessful in state court and wished to return to federal court, he should file a motion to re-open this case and an amended habeas corpus petition within ninety days of exhausting state remedies for his claims.  *See id.,* PageID. 157.  Now before the Court are Petitioner's motion to re-open this case (ECF No. 8) and his motion for release on bond pending a decision on his habeas petition (ECF No. 9).

### The Motion to Re-Open (ECF No. 8)

Petitioner was pursuing state-court remedies when he filed this case.  He alleges in his motion to re-open that the Michigan Supreme Court denied leave to appeal on March 3, 2020, and that he exhausted state remedies for the five claims that he wishes to present to this Court.  Furthermore, Petitioner complied with this Court's previous order to file a motion to re-open this case and an amended petition within ninety days of exhaustion.  He filed his motion and amended petition[1] within a few weeks after the Michigan Supreme Court entered its decision on post-conviction review.  Therefore, the Court grants Petitioner's motion to re-open this case (ECF No. 8).

The Court directs the Clerk of Court to serve a copy of this order and Petitioner's amended petition (ECF No. 8) on the Michigan Attorney General and Petitioner's warden.  To facilitate this process, the Court directs the Clerk of Court to amend the docket to show that Petitioner is now confined at the Kinross Correctional Facility, 4533 W. Industrial Park Drive, in Kincheloe, Michigan where Mike Brown is the acting warden.  The new caption for this case is "Terrell DeJuan Roche v. Mike Brown."  The

---

[1]  Petitioner combined his amended petition and brief in support with his motion to re-open this case.  *See* ECF No. 8.

Court orders the State to file a response to the amended petition and the relevant state-court materials within six (6) months of the date of this date. Petitioner shall have forty-five (45) days from the date of the State's response to file a reply.

### The Motion for Bond (ECF No. 9)

Petitioner seeks release from state custody due to the coronavirus disease (COVID-19) and the threat that it poses to him. He alleges that his communal living situation and inability to quarantine himself or to practice social distancing puts him at risk of contracting the coronavirus. He maintains that he is not a flight risk and that he would be safer at home with his father.

Because Petitioner is attacking his convictions in a collateral proceeding, he must show that "substantial questions" are presented in his habeas petition and that some circumstance makes his application "exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (citations omitted); *see also Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006) ("The district court may release petitioners on bail if there is a substantial claim of law and the existence of some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.") (quotations marks and end citations omitted) (alteration in original).

"Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee*, 989 F.2d at 871. As a practical matter, motions for bond will be denied in most habeas proceedings, because there will be few occasions

when a petitioner can meet the *Aronson* standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Petitioner may have presented substantial questions of law in his habeas petition, and the coronavirus pandemic is an exceptional circumstance. Nevertheless, Petitioner was convicted in 2014 of serious crimes: first-degree murder, second-degree arson, and felony firearm. The trial court sentenced Petitioner to life imprisonment without any possibility of parole for the murder conviction, a concurrent term of twenty to forty years in prison for the arson conviction, and a consecutive term of two years in prison for the felony-firearm conviction. The state courts denied relief on direct and collateral review.

Additionally, Petitioner acknowledges that state officials have taken precautions to limit the spread of COVID-19 and that, out of 1,539 inmates at the prison where he is confined, only one inmate tested positive for COVID-19 as of May 15, 2020. Petitioner also does not claim to be at particular risk of contracting COVID-19 due to his age or a pre-existing health condition.

The Court declines Petitioner's motion for release on bond (ECF No. 9).

## ORDER

The Court:

(1) Grants Petitioner's motion to re-open this case and accepts his amended petition;

(2) Directs the Clerk of Court to (A) amend the docket to reflect Petitioner's current address and current warden and (B) serve a copy of this order and the amended petition (ECF No. 8) on the Michigan Attorney General and Petitioner's warden;

(3) Directs the State to file a response to the amended petition and the relevant state-court materials within six (6) months of the date of this order;

(4) Directs Petitioner to file any reply to the State's response within forty-five (45) days of the response; and

(5) Denies Petitioner's motion for release on bond.

IT IS SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Date: 7/16/2020         UNITED STATES DISTRICT JUDGE