UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL DEJUAN ROCHE,

    Petitioner,

v.

CASE NO. 2:19-cv-11090
HONORABLE VICTORIA A. ROBERTS

MIKE BROWN,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS MOTION FOR RELEASE ON BOND**

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Terrell Dejuan Roche is a state prisoner at the Kinross Correctional Facility in Chippewa County, Michigan. Presently before the Court is Petitioner's motion for reconsideration of the Court's order denying him release on bond. For the reasons given below, the Court denies the motion for reconsideration.

    **I. The Motion for Bond, the Order Denying Release on Bond, and the Motion for Reconsideration**

On May 21, 2020, Petitioner moved for release on bond due to the possibility that he would contract the novel coronavirus known as COVID-19 while serving his sentence. (ECF No. 9.) He stated that it was impossible for him to protect himself by practicing social distancing or by quarantining himself while incarcerated and,

therefore, he was at imminent risk of contracting COVID-19. (*Id*. at PageID.232, ¶ 5.) He asked for permission to go home on bond. (*Id*. at PageID.233.)

On July 16, 2020, the Court denied Petitioner's motion. (ECF No. 10.) The Court noted that Petitioner was convicted of serious crimes (murder, arson, and felony-firearm) and that he was sentenced to lengthy sentences, including life imprisonment without any possibility of parole for the murder conviction. (*Id*. at PageiD.240.) The Court also pointed out that, according to Petitioner, state officials took precautions to limit the spread of COVID-19 and that only one inmate out of 1,539 inmates at the Kinross Correctional Facility tested positive for COVID-19 as of May 15, 2020. (*Id.*) In addition, Petitioner did not claim to be at any particular risk of contracting COVID-19 due to his age or a pre-existing health condition. (*Id*.)

Petitioner now seeks reconsideration of the order denying his motion for bond. He asserts that he retains some constitutional rights, despite the seriousness of his crimes and his status as a convicted felon, and he claims that his efforts to protect his life should not be overlooked because of his convictions. (ECF No. 12, PageID.248-249, ¶ 2.) He also alleges that the number of COVID-19 cases in Chippewa County rose from two to twenty after July 4, 2020, and that the count will continue to grow, making it inevitable that COVID-19 will enter the prison where he resides. (*Id*. at PageID.248, ¶ 2.)

2

Continuing, Petitioner alleges that, contrary to what the Court wrote in its order denying him release on bond, the Michigan Department of Corrections (MDOC) did not take precautions to limit the spread of COVID-19. (*Id*. at PageID.249.) He also contends that test results for COVID-19 are not definitive and that there may be more infected individuals than people realize. (*Id*.) According to Petitioner, no one, not even people between the ages of 20 and 54, are safe from the virus. (*Id*. at PageID.250, ¶ iii.) Petitioner concludes that, due to his situation, the question is not *if* he will contract COVID-19, but *when* he will contract the virus. (*Id*. at PageID.251.)

## II. Analysis

This District's Local Rules provide that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1 (h) (3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Petitioner presents the same claim that the Court already rejected, and the mere fact that he is "a prisoner within the MDOC does not mean that he is at a high risk of contracting COVID-19." *Littlejohn v. Whitmer*, No. 2:20-CV-39, 2020 WL 1685310, at *3 (W.D. Mich. Apr. 7, 2020) (unpublished). MDOC continues to take proactive steps to control the spread of COVID-19 in its prisons. *See* https://www.Michigan.gov/corrections (coronavirus information updated Dec. 4, 2020); *id*. at News & Publications, Policy Directives, Director's Office Memorandum 2020-30R8 COVID-19.

Petitioner's allegations about the risk of contracting COVID-19 are speculative, and his generalized concern about contracting COVID-19 does not warrant his release from custody pending a decision on his habeas corpus petition. *See United States v. Ramadan*, 458 F. Supp. 3d 657, 663 (E.D. Mich. 2020) (pointing out that "courts deny motions when the concern of contracting COVID-19 is generalized"), *aff'd*, No. 20-1450, 2020 WL 5758015 (6th Cir. Sept. 22, 2020).

Petitioner fails to show that the Court made a palpable error in denying his motion for release on bond. Accordingly, the Court denies the motion for reconsideration (ECF No. 12.)

IT IS SO ORDERED.

s/ Victoria A. Roberts<br>VICTORIA A. ROBERTS<br>UNITED STATES DISTRICT JUDGE

Date: 1/4/2021